IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISHMAEL JORDAN | ) | No. C 03-2414 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | WITH LEAVE TO AMEND |
| DAVE GRAZIANI, et. al., | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA") and the Americans With Disabilities Act ("ADA") against Napa State Hospital personnel concerning the conditions of his confinement. Plaintiff has been granted leave to proceed in forma pauperis. On February 12, 2004, plaintiff filed an amended complaint. The court concludes that plaintiff's amended complaint is not cognizable under 42 U.S.C. § 1983. Accordingly, the court will DISMISS the amended complaint with leave to amend **within thirty days** of the date of this order.

\\\

\\\

\\\

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\cr.03\Jordon414dwlta        1

# DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>See</u> <u>Leer</u>, 844 F.2d at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693, 697 (1976).

B. <u>Plaintiff's Claims</u>

Plaintiff contends that he is denied reasonable access to exercise, recreational opportunities, adequate medical care and related services. Plaintiff claims that hospital staff fail to provide the least restrictive environment to residents, including meaningful educational opportunities with individualized education plans, adequate physical therapy and behavioral services. <u>See</u> Amended Complaint at 3-5.

Plaintiff also complains about the hospital staff's conduct including: failing to provide adequate food and shelter, failing to protect inmates from undue harm, failing to provide adequate classification and supervision of patients, failing to provide access to the courts, failing to provide sufficient access to exercise. See Amended Complaint at 6. Plaintiff maintains that these conditions are unconstitutional in violation of the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the applicable provisions of the California State Constitution. See Amended Complaint at 7.

Plaintiff names the following defendants in his complaint: Dave Graziani, Executive Director of Napa State Hospital ("NSH"); Jeffrey Zwerin, NSH medical director; and Gary Walters, NSH clinical director. Plaintiff contends that he was not informed, prior to entering his insanity plea, that he could be subjected to the unconstitutional conditions and deprivations at issue in his complaint. Plaintiff seeks declaratory and injunctive relief, along with punitive and compensatory damages. See Amended Complaint at 2-3.

Plaintiff's claims fail at the outset because plaintiff does not set forth specific facts showing how each defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights. Leer, 844 F.2d at 634. But here, plaintiff makes allegations against all the defendants without explaining exactly the dates of when the alleged violations occurred, what happened, how it happened, the circumstances, and the actions of each individual defendant. For example, if plaintiff wants to claim that the food served was in violation of some constitutional right he has, he should describe what the food was, when it was served to him, describe how the defendants became aware of its alleged unsanitary character, describe what the defendants did or failed to do, and describe how each defendant's acts or omissions caused him injury. As such, the complaint does not state a cognizable claim against any of the defendants.

Furthermore, the amended complaint does not meet the requirement of Federal Rule of Civil Procedure 8(a) that the complaint set forth "a short and plain statement of

1  the claim showing that the pleader is entitled to relief." It is generalized and lacking in
2  detail that requiring defendants to attempt to frame a response to it would be unfair. The
3  lack of detail also prevents the court from determining whether the amended complaint
4  warrants service on defendants. Therefore, the amended complaint will dismissed with
5  leave to amend.

6   Plaintiff makes a conclusory allegation that defendants have denied inmate/patient
7  access to the courts. Prisoners have a constitutional right of access to the courts. See
8  Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).
9  The right of access to the court is limited to the initiation of a court action. The state is
10 not required to enable the prisoner to discover grievances or to litigate effectively once in
11 court. Lewis, 518 U.S. at 354. The right of access to the courts requires the state to
12 provide the prisoners with the capabilities to attack their sentences directly or collaterally
13 and to file
14 § 1983 claims challenging the conditions of their confinement. Lewis, 518 U.S. at 355.
15 "Impairment of any other litigating capacity is simply one of the incidental (and perfectly
16 constitutional) consequences of conviction and incarceration." Id.[1] In order to establish a
17 constitutional claim for denial of access to the courts resulting from the alleged hindrance
18 of a plaintiff's ability to bring a legal claim, the hindered claim must be a nonfrivolous
19 one. See id. at 352-53 & n.3.

20  A plaintiff must allege an "actual injury" to court access, however, which consists
21 of some specific "instance in which an inmate was actually denied access to the courts."
22 Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged
23 does a plaintiff state a claim for which relief can be granted. See id.; see, e.g., Jenkins v.

---

[1] For example, a state need not accommodate prisoners' desires to pursue tort claims for slip-and-falls or shareholder derivative suits. See Lewis, 518 U.S. at 355; see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (state official's refusal to transport prisoner to court for a state civil trial that is unrelated to the cause or conditions of the detention does not violate prisoner's constitutional right of access to the courts).

McMickens, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned too conclusory to support claim of denial of access to court).

      Here, plaintiff makes a general allegation that he does not have adequate access to the courts.  However, it appears that plaintiff has not suffered an actual injury because he has two cases now pending in this court and he does not allege that he has been prevented from filing a claim.  Plaintiff will be granted leave to AMEND his amended complaint to state a cognizable claim of denial of access to the courts if he can do so in good faith.

      Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  He should describe in his second amended complaint what actions each defendant took that caused him harm, and how he was harmed by each individual defendant.  Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant.  He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

      Plaintiff alleges that he filed the instant action on behalf of himself and all other similarly situated persons, who are unable to defend themselves.  However, plaintiff cannot bring this action as a class action, or represent any other individuals other than himself.  Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that

1  pro se prisoner cannot adequately represent class).  Therefore, this action cannot proceed
2  as a class action.  Plaintiff's second amended complaint must contain allegations
3  pertaining to himself only.
4      Plaintiff is cautioned that there is no respondeat superior liability under section
5  1983, i.e. no liability under the theory that one is responsible for the actions or omissions
6  of an employee.  Liability under Section 1983 arises only upon a showing of personal
7  participation by the defendant.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A
8  supervisor may be liable under section 1983 upon a showing of (1) personal involvement
9  in the constitutional deprivation or (2) a sufficient causal connection between the
10 supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San
11 Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  Plaintiff must
12 set forth specific allegations as to each defendant demonstrating how they were involved
13 in the alleged constitutional violations.
14     Plaintiff will be given leave to amend the amended complaint to cure these
15 deficiencies.  Accordingly, the amended complaint is DISMISSED with leave to amend
16 **within thirty days** of the date this order is filed to allow plaintiff to include sufficient
17 facts to support his claims.

## CONCLUSION

19     1.    Plaintiff's amended complaint is hereby DISMISSED with leave to amend,
20 as indicated above, within **thirty days** from the date of this order.  The second amended
21 complaint must include the caption and civil case number used in this order (03-2414
22 RMW (PR)) and the words "SECOND AMENDED COMPLAINT" on the first page.
23 Because the second amended complaint completely replaces the amended complaint,
24 plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet,
25 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).  Plaintiff may not
26 incorporate material from the original complaint, such as supporting documentation or
27 exhibits, by reference.  Plaintiff must include all documentation and supporting
28 information with the second amended complaint.  **Failure to amend within the**

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\cr.03\Jordon414dwlta        6

1 **designated time will result in the dismissal of the complaint without prejudice.**

2      2.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED:  4/15/2006          /s/ Ronald M. Whyte
                                  RONALD M. WHYTE
                                  United States District Judge

1
2  This is to certify that on _____4/19/2006_____, a copy of this ruling was mailed to the following:
3
4  Ishmael Jordan
   NA-203270-4
   2100 Napa Vallejo Hwy
5  Napa, CA  94558
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\cr.03\Jordon414dwlta            8