*E-FILED - 6/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISHMAEL JORDAN, | ) | No. C 03-2414 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT |
| vs. | ) ) ) | |
| DAVE GRAZIANI, et. al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 23, 27) |

    Plaintiff, proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA") and the Americans With Disabilities Act ("ADA") against Napa State Hospital personnel concerning the conditions of his confinement. Thereafter, plaintiff filed an amended complaint. The court initially dismissed the amended complaint with leave to amend because plaintiff's claims were not cognizable under § 1983. Plaintiff filed a second amended complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act. On January 7, 2008, the court dismissed three of plaintiff's claims and ordered service of the second amended complaint for the remaining claim on the named defendants. Plaintiff has filed a motion for permission to file a motion for reconsideration concerning his claim of denial of access to the courts and general conditions of

confinement. Plaintiff also has filed a notice of intent to amend the complaint, request to add more defendants, request to be held to less stringent standards and request for exemption from the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, the court denies plaintiff's motion for permission to file a motion for reconsideration, denies plaintiff's request to amend the second amended complaint and denies the request for exemption from the PLRA. The court will grant plaintiff's request to be held to less stringent standards based upon his pro se status.

**DISCUSSION**

**A.     Motion for Permission to File Motion for Reconsideration**

Plaintiff asks the court for permission to file a motion for reconsideration as to the court's partial dismissal order regarding his claims of denial of access to the courts, inadequate law library and general conditions of confinement claims set forth in the second amended complaint. Plaintiff contends that he has suffered an "actual injury" due to the inadequate law library at Napa State Hospital. Plaintiff alleges that if the law library contained adequate materials for his reference and review then he would have alleged cognizable § 1983 claims in both his original and first amended complaints. See plaintiff's mot. at 1-3.

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. See Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party

1  applying for reconsideration did not know such fact or law at the time of the interlocutory order;
2  or (2) the emergence of new material facts or a change of law occurring after the time of such
3  order; or (3) a manifest failure by the court to consider material facts which were presented to the
4  court before such interlocutory order.  See Civil L.R. 7-9(b).  Unless otherwise ordered by the
5  court, no response need be filed to a motion under the Local Rule.  See Civil L.R. 7-9(c).

6        The court finds that the requirements for leave to file a motion for reconsideration are not
7  satisfied in the instant case.  As to plaintiff's claims of an inadequate law library and denial of
8  access to the courts, the court concluded that plaintiff failed to establish the requisite element of
9  actual injury in his second amended complaint.  The court dismissed plaintiff's first amended
10 complaint with leave to amend and noted the same deficiency in this claim.  The discontinued
11 use of the Westlaw research system has not deprived plaintiff of his ability to initiate any legal
12 action, as plaintiff has filed and litigated two cases in this court.  The court dismissed this claim
13 without leave to amend because no further amendment to the complaint can cure the noted
14 deficiency.

15       As to plaintiff's claims concerning the general conditions of his confinement, the court
16 concluded that plaintiff's claim in the second amended complaint, similar to his first amended
17 complaint, were full of generalities and failed to connect any particular defendants to any
18 particular violation of his constitutional rights.  The court found that further leave to amend
19 would be futile because the court has already explained the same deficiencies in the amended
20 complaint and plaintiff was unable to cure them in his second amended complaint.

21       The court notes that plaintiff's inability to allege cognizable claims as discussed above is
22 not based upon his limited legal research or inability to access legal materials.  Rather, plaintiff's
23 factual allegations, in both the amended and second amended complaints, fail to state a claim
24 under § 1983.  The court concludes that plaintiff has failed to meet the requirements pursuant to
25 Rule 54(b) of the Federal Rules of Civil Procedure Rule or Civil Local Rule 7-9 for leave to file a
26 motion for reconsideration.  Accordingly, plaintiff's motion for permission to file a motion for
27 reconsideration (docket no. 23) is DENIED.
28 ///

**B.      Plaintiff's Request to Amend the Second Amended Complaint**

Plaintiff has filed a request for leave to amend the second amended complaint to add new defendants and a claim alleging a violation of his rights under the Americans With Disabilities Act ("ADA"). Plaintiff states that a considerable amount of time has elapsed since he originally filed the complaint and that he has been subject to further constitutional violations in the interim by defendants' affiliates and co-workers. See plaintiff's notice at 1.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See id.; see also Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." Adam v. State of Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. Schmier v. United States Court of Appeals, 279 F.3d 817, 824 (9th Cir. 2002) (citations and quotations omitted).

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and "upon such terms as are just." Id. Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. See Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992).

While leave to permit supplemental pleading is favored, it cannot be used to introduce a

separate, distinct and new cause of action.  See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading.  See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988), cert. denied, 493 U.S. 813 (1989).  Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit.  See Neely, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); cf. Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but merely part of "same old cause of action" originally raised).

      Here, the court concludes that plaintiff has not shown good cause for further leave to amend the second amended complaint.  Plaintiff initially filed an amended complaint.  The court dismissed the amended complaint with leave to amend and plaintiff filed a second amended complaint.  The court ordered service of the one cognizable retaliation claim in the second amended complaint on the named defendants on January 7, 2008.  Plaintiff now requests leave to file a third amended complaint to add a new claim and new defendants.  The court has already granted plaintiff leave to amend to address any noted deficiencies in the amended complaint, and further leave to amend as to those claims would be futile.  The court finds that further leave to amend in this case also would result in undue delay for the named defendants to wait for service on any new defendants and for new defendants to file a dispositive motion.  Additionally, plaintiff may file a new § 1983 action in this court alleging any claims against new defendants based upon the Americans With Disabilities Act.  These new claims under the ADA do not appear to be related to the retaliation claim in the second amended complaint that is now pending before the court.  Accordingly, any new allegations of constitutional violations by defendants not named in the second amended complaint should be raised in a separate and distinct complaint.  Plaintiff's request for leave to amend the second amended complaint (docket no. 27) is DENIED.

///

///

1  **C.  Plaintiff's Request for Exemption from the PLRA and Request to be Held To Less Stringent Standards**

Plaintiff requests that the court exempt him from the requirements of the Prison Litigation Reform Act ("PLRA"). However, the court concludes that plaintiff falls within the definition of "prisoner" under the PLRA because individuals who at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are "prisoners" within the definition of 42 U.S.C. § 1997e. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (individual civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 42 U.S.C. § 1997e). Here, plaintiff was found not guilty by reason of insanity in a criminal action. See California Penal Code § 1026. Therefore, plaintiff's confinement following a not-guilty-by-reason-of-insanity determination appears to make him a prisoner for purposes of 28 U.S.C. §§ 1915 and 1915A. See Grondorf v. Graziani, 2004 WL 231036 at *1 (citing to In re Franklin, 7 Cal.3d 126, 138, 143-44 (Cal. 1972) (class of persons committed to a state mental hospital following finding of not guilty by reason of insanity was different from class of persons subjected to ordinary civil commitment proceedings)). Accordingly, plaintiff's request for exemption from the PLRA (docket no. 27) is DENIED.

Plaintiff also requests that the court hold him to less stringent standards based upon his pro se status and his detention at Napa State Hospital. As noted in the court's January 2008 order of service, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court has allowed plaintiff to amend his complaint twice and has liberally construed the claims in the second amended complaint. Therefore, the court has already applied a less stringent standard based on plaintiff's pro se status. Plaintiff's request to be held to less stringent standards (docket no. 27) is GRANTED.

///
///
///
///

# CONCLUSION

Plaintiff's motion for permission to file a motion for reconsideration (docket no. 23) is DENIED.  Plaintiff's request for leave to amend the second amended complaint (docket no. 27-1) is DENIED.  Plaintiff's request for exemption from the PLRA (docket no. 27-2) is DENIED.  Plaintiff's request to be held to less stringent standards (docket no. 27-3) is GRANTED.

It is plaintiff's responsibility to prosecute this case.  All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/23/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge