*E-FILED - 8/13/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISH'MAEL JORDAN, | No. C 03-2414 RMW (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DAVE GRAZIANI, et al., | |
| Defendants. | (Docket No. 30) |

**INTRODUCTION**

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that staff at Napa State Hospital ("NSH") dosed him with medications in retaliation for exercising his First Amendment rights.

Defendants move for summary judgment, alleging that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Defs.' Mot. for Summ. J., P. & A. ("MSJ") at 1. Plaintiff did not file an opposition.

After a review of the record, the court concludes that plaintiff has not shown evidence that precludes summary judgment. Accordingly, the court GRANTS defendants' motion for summary judgment as to all claims, which, along with the complaint, are hereby

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Jordan414.msj.grant.md

DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff, a patient at NSH, alleges that staff members "forced [him] to ingest powerful mind altering psychiatric drugs in retaliation and as punishment for exercising his First Amendment right to complain and to petition the courts." Compl. ¶ 2.[1] According to plaintiff, "[t]hese drugs cause a myriad of unpleasant and dangerous side effects, including memory loss, symptoms resembling mental illness, and sudden death." Id. Other than these statements, plaintiff provides no specific details regarding the alleged acts of retaliation, but rather assigns responsibility to the three named defendants because of their supervisory roles at NSH.

Defendants contend that plaintiff has not described any specific acts of retaliation or injury, nor has he specified any complaints he filed with the hospital or the courts. Defs.' Mot. for Summ. J., P. & A. ("MSJ") at 2. Defendants also state that though plaintiff has named three defendants in his second amended complaint, he "fails to specify what act or acts of retaliation were alleged to have been committed by any of the named defendants." Id. Furthermore, defendants assert that plaintiff was allowed to exercise his First Amendment rights. Id. at 4.

Plaintiff filed his initial civil rights complaint in 2003 and then an amended complaint in 2004. The court dismissed the amended complaint, with leave to amend, finding the claims not cognizable. Plaintiff filed a second amended, and the currently operative, complaint, alleging four claims for relief. The court dismissed three of the claims as not cognizable and ordered service of the remaining claim of retaliation against the three defendants, Dave Graziani, the executive director of NSH at the relevant time, Dr. Jeffrey Zwerin, the medical director of NSH, and Gary Walters, clinical director at NSH.

Defendants now move for summary judgment as to all claims. Plaintiff has not filed

---

1. Because plaintiff's second amended complaint is the operative complaint, the court will refer to it as the complaint.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Jordan414.msj.grant.md            2

an opposition even though he was given adequate time to do so.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its' own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

**II.     Plaintiff's Claims**

Plaintiff alleges that defendants are liable for the acts of retaliation because of their supervisory roles at NSH.  Compl. ¶¶ 3-5.  Specifically, Graziani is "legally responsible for the overall and other operations of the facility," defendant Zwerin "is legally, ultimately and otherwise responsible and in charge of all the psychiatrists and physical doctors at NSH," and defendant Walters "has a joint responsibility with the other defendants for implementing and enforcing the rules and policies and procedures at the institution."  Id.

A claim may be stated under section 1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  See id. at 287.  Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  Compare id. (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier) with Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1315-16 (9th Cir. 1989) (evidence of timing and nature of suspensions sufficient to infer retaliatory motive).  To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The requisite causal connection may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict" constitutional harms.  Preschooler II v. Clark Co. Sch. Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation removed).

1  Plaintiff has failed to identify evidence that precludes summary judgment.
2 Accordingly, the court will dismiss plaintiff's claims for the following reasons. First,
3 plaintiff has not shown that the named defendants actually participated in the alleged acts of
4 retaliation. Rather, he contends that these persons are liable because they occupy supervisory
5 roles at NSH. However, there is no "pure" respondeat superior liability for section 1983
6 claims. Id. at 1182. Plaintiff also has not shown that these defendants directed, participated
7 in, or even knew of their subordinates' alleged acts, which is the only way in which
8 supervisors may be liable for the acts of subordinates under section 1983. Id. at 1182.
9 Rather, plaintiff makes conclusory allegations, alleging no specific dates, times, places,
10 persons. These undetailed allegation do not suffice to prevent the granting of summary
11 judgment in favor of defendant.

12  Second, the court must dismiss plaintiff's claims for the reason just mentioned, viz.,
13 that plaintiff's allegations are conclusory and lack the specifics necessary to plead and prove
14 a claim of retaliation. Applying the rule described in Huskey, plaintiff has not shown with
15 any specificity that or how the named (or any) defendants acted adversely to plaintiff's
16 exercise of his right to free speech, nor, significantly, has he shown a causal nexus between
17 plaintiff's attempted exercise of his First Amendment rights and defendants' alleged acts of
18 retaliation.

19  Plaintiff has not shown evidence that precludes summary judgment. Accordingly, the
20 court will dismiss plaintiff's claims brought under section 1983. Because plaintiff has failed
21 in his three filed complaints to state and support claims of retaliation, the court will dismiss
22 the claims and the action with prejudice.

Order Granting Defendant's Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.03\Jordan414.msj.grant.md          5

**CONCLUSION**

The court concludes that defendant is entitled to judgment as a matter of law as to all claims. Accordingly, defendant's motion for summary judgment (Docket No. 30) is GRANTED as to all claims against all defendants. All claims and the complaint are hereby DISMISSED WITH PREJUDICE.

The clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

DATED:  8/12/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge